OPINION OF THE COURT
Per Curiam.
Judgment entered May 7, 1999 modified by denying plaintiffs motion for summary judgment and the matter remanded to the court below for further proceedings; as modified, order affirmed, without costs.
Appeal from the order dated March 4, 1999 dismissed, without costs, as subsumed in the appeal from the judgment entered May 7, 1999.
The court below improperly granted plaintiff depositor summary relief on its cause of action to recover a charge back against its account involving defendant Citibank, N. A., as payor bank. UCC 4-302 imposes strict liability on a payor bank for the amount of the item when, absent a valid defense such as breach of a presentment warranty (UCC 4-207), it fails to settle, return or dishonor the item before its midnight deadline. Here, however, the record discloses triable issues of fact as to whether plaintiff breached its warranty of presentment against material alterations under UCC 3-417 and 4-207 (see, Sunshine v Bankers Trust Co., 34 NY2d 404, 410-411), since the check in issue was allegedly altered as to date, payee and amount.
The court’s reliance on Hanna v First Natl. Bank (87 NY2d 107) is misplaced. There, unlike the case at bar, the payor bank failed to return 13 legitimate, but stale checks before its midnight deadline, resulting in strict liability on the bank for the amount of the checks (UCC 4-302 [a]). Here, it is undisputed that defendant Citibank settled the $30,000 item before expiration of its midnight deadline on April 9, 1996. Since plaintiff did not establish its entitlement to judgment as a matter of law on defendant’s affirmative defense and counterclaim for breach of warranty of presentment, summary judgment in plaintiff’s favor should have been denied.
Parness, P. J., McCooe and Gangel-Jacob, JJ., concur.